UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

HARTFORD LIFE AND ACCIDENT
INSURANCE COMPANY,

        **Plaintiff,**

v.                                  Case No: 6:21-cv-1390-WWB-DCI

BRENDA REYES and LINDA
DISTEFANO,

        **Defendants.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

> **MOTION:** Motion for Attorney Fees (Doc. 33)
>
> **FILED:** December 10, 2021
>
> **THEREON** it is **ORDERED** that the motion is **GRANTED**.

By order dated November 1, 2021, the Court dismissed Plaintiff as a party in this interpleader action and stated that Plaintiff "is upon proper motion and proof entitled to recover from the interpleaded funds its reasonable attorney's fees incurred in bringing the instant action." Doc. 21.

Accordingly, Plaintiff filed a Motion for Award of Attorney's Fees (Doc. 33, the Motion), in which Plaintiff quantifies the fee requested and provides proof supporting that request in the form of an attorney affidavit (Doc. 33-1) and detailed billing records (Doc. 33-2). In the Motion, Plaintiff seeks attorney fees for two lawyers who worked on this case, both partners at the law firm

of Shutts and Bowen, LLP.  The hourly rate sought for each of them is $295.00.  Plaintiff seeks recovery of 10.60 hours of billable time at that rate, for a total of $3,155.00 in attorney fees.[1]  Neither Defendant has responded in opposition to the Motion, and the time for a response has passed, so the undersigned deems the Motion as unopposed.  Local Rule 3.01(c).

Courts are required to utilize the lodestar approach to determine reasonable compensation.  *SEC v. Aquacell Batteries, Inc.*, No. 6:07-cv-608-Orl-22DAB, 2008 WL 276026, at *3 (M.D. Fla. Jan. 31, 2008).  The lodestar figure is reached by "multiply[ing] the number of hours reasonably expended by a reasonable hourly rate."  *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (internal quotations omitted); *see also Jackson v. Grupo Indus. Hotelero, S.A.*, No. 07-22046, 2010 WL 750301, at *2 (S.D. Fla. Mar. 3, 2010).  The party moving for fees has the burden of establishing that the hourly rates and hours expended are reasonable.  *See Norman v. Hous. Auth. of the City of Montgomery*, 836 F.2d 1292, 1303 (11th Cir. 1988).  "If evidence is inadequate, a court in its discretion may reduce an award, make the award on its own experience without further filings or an evidentiary hearing, or exclude unsupported requests."  *Proescher v. Sec. Collection Agency*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3432737, at *10-11 (M.D. Fla. June 8, 2018), *report and recommendation adopted sub nom.*, No. 3:17-CV-1052-J-32PDB, 2018 WL 3428157 (M.D. Fla. July 16, 2018) (internal citations and quotations omitted).  In determining if the requested rate is reasonable, the Court may consider the applicable *Johnson* factors and may rely on its own knowledge and experience.  *Norman*, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either

---

[1] The amount sought includes a $28.00 charge for a paralegal. Though not addressed in the Motion, this charge is addressed in the affidavit in support of the Motion.  Regardless, the undersigned recommends that this charge is reasonable and considers it inclusive of the attorney fee request.

with or without the aid of witnesses as to value.") (quotations and citation omitted); *see Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[2]

Here, the undersigned has reviewed the Motion and the documents filed in support, and, after considering the applicable factors set forth in the preceding paragraph, recommends that both the requested hourly rate and the number of hours billed as reasonable. Both lawyers are experienced litigators and the requested rate adequately reflects their experience and expertise as well as the nature of this case. Further, the hours billed are reasonable given the nature and complexity of this litigation. Finally, Defendants have not opposed the request.

Accordingly, it is **RECOMMENDED** that Plaintiff's Motion (Doc. 33) be **GRANTED**, that Plaintiff be awarded $3,155.00 in attorney fees, and that the Clerk be directed to disperse that amount to Plaintiff from the interpleaded funds.

## NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-

---

[2] The *Johnson* factors are: 1) the time and labor required; 2) the novelty and difficulty of the questions; 3) the skill requisite to perform the legal services properly; 4) the preclusion of other employment by the attorney due to acceptance of the case; 5) the customary fee in the community; 6) whether the fee is fixed or contingent; 7) time limitations imposed by the client or circumstances; 8) the amount involved and the results obtained; 9) the experience, reputation, and the ability of the attorney; 10) the "undesirability" of the case; 11) the nature and length of the professional relationship with the client; and 12) awards in similar cases. *Johnson*, 488 F.2d at 717-19. The Eleventh Circuit has subsequently explained that "district courts may, but are not required to, consider [the Johnson] factors since many 'usually are subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.'" *Mock v. Bell Helicopter Textron, Inc.*, 456 F. App'x 799, 801 (11th Cir. 2012) (quoting *ADA v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 n.1 (11th Cir. 2006)).

to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

      Recommended in Orlando, Florida on December 29, 2021.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy