UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re Interpleader of Hartford Life
Insurance Funds;

LINDA DISTEFANO and BRENDA
REYES, as Interested Parties.

Case No: 6:21-cv-1390-WWB-DCI

REPORT AND RECOMMENDATION

This cause comes before the undersigned for consideration without oral argument on the following motion:

> **MOTION:** **Brenda Reyes's Motion for Summary Judgment (Doc. 72)**
>
> **FILED:** **January 14, 2023**
>
> **THEREON** it is **Recommended** that the motion be **GRANTED**.

**I.   Background**

Brenda Reyes (Reyes) requests summary judgment finding her entitled to recover benefits under a life insurance policy. Doc. 72 (the Motion). Linda DiStefano (DiStefano) has not responded to the Motion. For the reasons set forth below, the undersigned finds that the Motion is due to be granted.

**II.   Facts**

Hartford Life and Accident Insurance Company (Hartford) issued an ERISA-regulated life insurance policy to the Auto Club (the Policy). Doc. 1 at 2. Anthony DiStefano (the Insured) was an employee of the Auto Club and insured under the Policy. *Id*. The Insured passed away on

January 2, 2021.  *Id*.  At the time of the Insured's death, Reyes was the sole beneficiary under the Policy.  *Id*.  After the Insured's death, Reyes submitted a claim to Hartford for the Policy's death benefits.  *Id*.  However, the Insured's mother, DiStefano, challenged Reyes's entitlement to the benefits, arguing that Reyes made herself the beneficiary of the funds without the Insured's consent and that Reyes was culpable in the Insured's death.  *Id*.  As a result of the dispute, Hartford filed this interpleader action.  *Id*. at 1.

On October 12, 2021, Hartford filed a motion requesting, in relevant part, that (1) the disputed insurance proceeds be deposited into the court registry, and (2) Hartford be dismissed from the action and discharged of all liability.  Doc. 19.  The Court granted Hartford's motion.  Doc. 21.  Thereafter Reyes and DiStefano were left to dispute who was entitled to the death benefits under the Policy.

### III. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "Unsworn and conclusory allegations are insufficient to support summary judgment."  *Silk v. Albino*, 2007 WL 853752, at *1 (M.D. Fla. Mar. 19, 2007) (citing *Avirgan v. Hull*, 932 F.2d 1572, 1577 (11th Cir. 1991)); *but see* 28 U.S.C. § 1746 (permitting in some circumstances the use of written, unsworn declarations subscribed to as true under penalty of perjury).

The movant bears the initial burden of demonstrating the absence of a genuine issue of material fact.  *Cohen v. United Am. Bank of Cent. Fla.*, 83 F.3d 1347, 1349 (11th Cir. 1996) (quoting *Cox v. Adm'r U.S. Steel & Carnegie*, 17 F.3d 1386, 1396, modified on other grounds, 30 F.3d 1347 (11th Cir. 1994)).  When the non-movant bears the burden of proof at trial, the movant

may carry its initial burden by demonstrating the absence of evidence to prove a fact necessary to the non-movant's case. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115-16 (11th Cir. 1993) (citation omitted). Alternatively, the movant may support its motion with affirmative evidence demonstrating that the nonmoving party will be unable to prove its case at trial. *Id*.

Upon such a showing, the burden shifts to the non-movant, who must demonstrate an issue of material fact to avoid summary judgment. *Id.* at 1116. Where the movant brought forth affirmative evidence, the non-movant must respond with evidence sufficient to withstand a directed verdict at trial. *Id.* Where the movant demonstrated an absence of evidence, the non-movant may show that evidence in the record was overlooked or ignored or come forward with additional evidence sufficient to withstand a directed verdict. *Id.*

In determining whether a genuine dispute of material fact exists, the court must view the evidence and draw all factual inferences therefrom in a light most favorable to the non-moving party and must resolve any reasonable doubts in the non-moving party's favor. *Skop v. City of Atlanta*, 485 F.3d 1130, 1136 (11th Cir. 2007).

IV.     **Discussion**

Where, as here, the non-moving party has failed to respond to the motion for summary judgment, the court "cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits of the motion." *United States v. One Piece of Real Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099, 1101 (11th Cir. 2004) (citation omitted). The court "must ensure that the motion itself is supported by evidentiary materials." *Id*. "In addition, so that there can be an effective review of the case on appeal, the district court's order granting summary judgment must 'indicate that the merits of the motion were addressed.'" *Id*. at 1101–1102 (citation omitted).

"The award of benefits under any ERISA plan is governed in the first instance by the language of the plan itself." *Liberty Life Assur. Co. of Boston v. Kennedy,* 358 F.3d 1295, 1302 (11th Cir. 2004).  Here, Reyes has provided evidence of the Policy, which explicitly names the Insured as the insured under the Policy.  Doc. 72-2 at 2.  Reyes has provided evidence of the Policy's "Beneficiary's Statements," which explicitly names Reyes as the beneficiary under the Policy.  Doc. 25-1 at 22; *cf.* Doc. 72-3 at 2.  Reyes's evidence is corroborated by Hartford, which stated in the Complaint that the Insured is the named insured under the Policy and that Reyes is the sole beneficiary under the Policy.  Doc. 1 at 2–3.  DiStefano has provided no evidence to the contrary—indeed, DiStefano has submitted no evidence at all.[1]  Accordingly, the undersigned finds that Reyes is the sole beneficiary under the policy.

The undersigned also finds that Reyes is entitled to the death benefits under the Policy.  Reyes has provided evidence showing the Insured died (Docs. 25-1 at 1; 72-1 at 2), which thereby triggers her entitlement to the Policy's death benefits, *see Sec. & Exch. Comm'n v. Price*, 1:12-CV-2296-TCB, 2015 WL 11198937, at *3 (N.D. Ga. Mar. 31, 2015) ("[T]here is no doubt that the operative event that triggers an insurer's obligation on a life insurance policy is death.").  Reyes's evidence is corroborated by Hartford, which stated in its complaint that the Insured has died.  Doc. 1 at 2.

Again, DiStefano has not responded to the Motion, nor has she answered the Complaint.[2]  But from other filings in this case, it appears that DiStefano contends that Reyes is not owed the death benefits under the Policy for two reasons: (1) because Reyes made herself the beneficiary

---

[1] DiStefano provided one answer (Doc. 15), which was stricken, and DiStefano filed a motion to vacate (Doc. 49), in which DiStefano stated she would provide an affidavit to support her allegations—DiStefano never provided that evidence.

[2] Since her first answer was stricken, DiStefano has not filed another answer to the Complaint.

under the Policy without the Insured's consent, and (2) because Reyes unlawfully caused, or was culpable in causing, the Insured's death. Docs. 72 at 2–3; 72-4; 1 at 3.

DiStefano has the burden of proving that Reyes named herself the beneficiary under the Policy without the Insured's consent. *See Follenfant v. Rogers*, 359 F.2d 30, 31 (5th Cir. 1966) ("It has long been well settled that the burden of proving that the real beneficiary of a life insurance policy is someone other than the beneficiary named therein is on the person so asserting."). And to the extent DiStefano is invoking Florida's slayer statute, DiStefano has the burden of proving Reyes intentionally and unlawfully killed the Insured. *See Jackson Nat'l Life Ins. Co. v. Tottenham for Estate of Sievers*, No. 2:16-CV-883-FTM-29MRM, 2018 WL 1449579, at *2 (M.D. Fla. Jan. 16, 2018) (quoting Fla. Stat. § 732.802(3); citing *Congleton v. Sansom*, 664 So. 2d 276, 280 (Fla. 1st DCA 1995)). There is no evidence supporting either of DiStefano's contentions; therefore, DiStefano cannot meet her burden for either issue. Furthermore, the evidence of record supports that Reyes was named the beneficiary under the Policy with the Insured's consent, *see* Docs. 25-1 at 19, 21–22; 72-3, and that Reyes was not culpable in the Insured's death, Doc. 72-5. Accordingly, the undersigned finds that Reyes is entitled to the death benefits under the Policy.

Given the evidence of record, the undersigned finds that there are no genuine issues of material fact and Reyes is entitled to judgment as a matter of law. Accordingly, the undersigned finds that the Motion is due to be granted.

### V. Conclusion

For the foregoing reasons, the undersigned respectfully **Recommends** that the Motion (Doc. 72) be **GRANTED**.

**NOTICE TO PARTIES**

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on April 21, 2023.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy